UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JL,<br><br>                            Plaintiff,<br><br>v.<br><br>LAURA WEBER, in her individual capacity; TAMMY ESSLINGER, in her individual capacity; ALVO GONZO in his individual capacity; LUIS ABANO, in his individual capacity; MICHAEL BODMAN, in his individual capacity; KEVIN GRANSE, in his individual capacity; CITY OF CARLSBAD, CALIFORNIA; COUNTY OF SAN DIEGO, CALIFORNIA (HHSA/CWS); JANE DOES #1-4, in her individual capacity,<br><br>                            Defendants. | Case No.: 17-cv-0006-CAB (WVG)<br><br>**ORDER ON DEFENDANTS' MOTIONS TO DISMISS**<br>**[Doc. Nos. 41, 43.]** |

      This matter comes before the Court on Defendants the City of Carlsbad, Michael Bodman and Kevin Granse's (collectively "Carlsbad Defendants") motion to dismiss [Doc No. 41], and on Defendants County of San Diego, Laura Weber, and Luis Abano, Tammy Esslinger and Alvo Gonzo's (collectively "County Defendants") motion to dismiss [Doc.

No. 43]. The motions have been fully briefed, and the Court finds them suitable for submission without oral arguments. For the following reasons, Carlsbad and County Defendants' motions are **GRANTED**.

I. Background

Plaintiff JL, who proceeds *pro se,* filed his original suit on January 3, 2017. [Doc. No. 1.] The Carlsbad Defendants and the County Defendants each filed motions to dismiss [Doc. Nos. 16, 21] the original complaint which the Court granted with leave to amend [Doc. No. 35]. On March 24, 2017, Plaintiff filed the First Amended Complaint ("FAC"). [Doc. No. 40.] His factual allegations, accepted as true, are as follows.

In July 2015, Plaintiff's minor child ("MC") attended the Carlsbad Summer Camp at the Stagecoach Community Center & Park in the City of Carlsbad. [*Id.* at ¶ 26.[1]] MC was interviewed by an anonymous person at the camp without Plaintiff's consent. [*Id.*] The anonymous interviewer "insisted that the MC be confined in a separate room with AP [anonymous person] alone, and not be allowed to leave until the MC answered all of the AP's question." [*Id.* at ¶ 30.] No other individuals were present at the interview. [*Id.*]

At some unidentified point, either before or after the interview, two administrators of the camp, Defendants Bodman and Granse, relayed the suspected child abuse to the County of San Diego's Child Welfare Services Agency ("CWS"). [*Id*. at 43.] Both Bodman and Granse are mandatory reporters under California law. [*Id.* at 45.]

Following the submission of the report, Defendants Weber and Esslinger, CWS case workers, "interacted with Plaintiff, and made false accusations of child abuse…" and "ostensibly followed CWS policies for their casework." [*Id.* at ¶ 58.]

CWS supervising managers, Defendants Abano and Gonzo "were actively involved in all phases of CWS' investigation." [*Id*.] After receiving the alleged complaint, Abano and Gonzo "reviewed the complaint for accuracy and against some standard of care and

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

due diligence, and signed off on the case (eventually) as unfounded, but after Plaintiff had been harmed by placing of his name on the Child Abuse Central Index ("CACI")." [sic] [*Id.*] Plaintiff believes that his name was entered into the Child Abuse Central Index ("CACI") prior to CWS performing an investigation in the allegations of abuse. [*Id.* at 63.] Plaintiff is concerned that this unfounded allegation could detrimentally effect his security clearance, future employment and FAA pilot's license. [*Id.* ¶¶ 78, 83, 85, 86.]

Plaintiff asserts claims against Defendants for violation of the Fourteenth Amendment under 42 U.S.C. § 1983. On April 5, 2017, Carlsbad Defendants filed their motion seeking to dismiss under Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 41.] On April 11, 2017, County Defendants filed a motion to dismiss. [Doc. No. 43.] Plaintiff filed his oppositions to the motions [Doc. Nos. 51, 52.] and Defendants filed their replies [Doc. Nos. 54, 55].

## II. Legal Standard

Under Rule 12(b)(6), a party may bring a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008).

Even under the liberal pleading standard of Rule 8(a)(2), which requires only that a party make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a

cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). "Determining whether a complaint states a plausible claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Because JL proceeds *pro se*, the Court construes his filings liberally. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

However, "[w]hile the court must construe *pro se* pleadings liberally and afford plaintiff the benefit of the doubt, even *pro se* plaintiffs must allege, with a least some degree of particularity, overt acts taken by each defendant which support his claim." *Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090, 1099 (S.D. Cal. 2006). Simply put, "the main purpose of a complaint is to provide notice of what plaintiff's claim is and the grounds upon which the claim rests . . . . [The] plaintiff must at least set forth enough details so as to provide a defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Self Directed Placement Corp. v. Control Data Corp.,* 908 F.2d 462, 466 (9th Cir. 1990) (internal quotations and citations omitted). A complaint that lacks "simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential elements of a complaint." *Bielma v. Bostic*, Case No.: 15cv1606-MMA (BLM), 2016 WL 29624, *8 (S.D. Cal. Jan. 4, 2016) (quoting *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)).

### III. Request for Judicial Notice

At the motion to dismiss stage a court may consider materials incorporated into the complaint or matters of public record, without converting the motion to dismiss into a motion for summary judgment. *Coto Settlement v. Eisenberg*. 593 F.3d 1031, 1038 (9th Cir. 2010) (citation omitted); *United States v. Ritchie,* 432 F.3d 903, 908 (9th Cir. 2003). The Ninth Circuit has extended the "incorporation by reference" doctrine to take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Id.;*

*See Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998).

A document may be incorporated by reference into a complaint, even if a document is not attached to the complaint, if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim. *See Van Buskirk v. CNN,* 284 F.3d 977, 980 (9th Cir. 2002). "The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *U.S. v. Ritchie*, 432 F.3d 903, 908 (9th Cir. 2003). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint-lack of notice to the plaintiff-is dissipated [w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, the rule is limited to a document "whose authenticity no party questions." *Branch,* 14 F.3d at 453.

Here, County Defendants have requested the Court take judicial notice of a business record from the Department of Justice's CACI pursuant to Federal Rule of Civil Procedure 201. [Doc. No. 43-1.] The document at issue is a duplicate of a fax sent by the Department of Justice to CWS that contain the results of the DOJ Child Abuse Central Index Inquiry. [Doc. No. 47.] The results page indicates that a DOJ specialist ran a search for Plaintiff's name within the CACI and "no matches" were found. [*Id.* at 3.] However, Plaintiff opposes the use of this documents on the grounds that it is false, inconclusive, inaccurate, unsubstantiated, "contrary to FRCP and Collateral Estoppel," misleading and prejudicial. [Doc. No. 53.]

In this instance the requirements of the rule have not been met because Plaintiff challenges the authenticity of the document. Accordingly, the Court declines to take judicial notice of Exhibit 1 attached to the motion to dismiss.

## IV. Discussion

The Carlsbad Defendants and the County Defendants both move to dismiss Plaintiff's causes of action for failure to state a claim. Fed. R. Civ. P 12(b)(6). Their arguments for dismissal primarily concern the viability of Plaintiff's claims that his 14th Amendment rights have been violated. Both sets of Defendants also assert that the *Monell* claims against the City and County fail because Plaintiff has not alleged nor identified the policies or customs implemented by either of them that propagate the purported violations. Further, Carlsbad Defendants assert that, as mandatory reporters, individual Defendants Bodman and Granse are entitled to qualified immunity. County Defendants also assert a claim of qualified immunity on behalf of each of the individual named County Defendants. Additionally, County Defendants seek to dismiss on the grounds that Plaintiff has failed to allege an injury in fact sufficient to establish Article III standing. Because the Defendants make related arguments in favor of dismissal the Court will consider them together.

The Fourteenth Amendment provides that no state can "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Plaintiff brings suit for violation of his Fourteenth Amendment due process rights pursuant to 42 U.S.C § 1983.

While §1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights it "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted.); *see also Devereaux v. Abbey*, 263. F.3d 1070, 1074 (9th Cir. 2001). In order "[t]o establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Place, Inc.,* 698 F.3d 1128, 1138 (9th Cir. 2012). *See also Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454, 460 (1989) (courts "examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the

6

state; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.").

In the Court's previous order giving Plaintiff leave to file a first amended complaint, the Court cautioned Plaintiff to "clearly set forth the necessary factual allegations to support the elements of each claim." [Doc. No. 35 at 15.] But, Plaintiff has failed to do so and as a consequence has not met the pleading standards to state a § 1983 claim.

### A. Deprivation of a Constitutional Right

"The first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Here, Plaintiff appears to be claiming that his procedural due process Fourteenth Amendment rights were violated in four instances.

First, Plaintiff complains that his constitutionally protected liberty interest in making decisions about the care, custody and control of his child was violated when his minor child was interviewed without his presence. *See Miller v. California,* 355 F.3d 1172, 1175 (9th Cir. 2004) (there is "no question that parents have a constitutionally protected liberty interest in making decisions about the care, custody and control of their children."). As in his original complaint, Plaintiff does not allege who conducted the interview, when or where it was conducted, or provide any specifics regarding the extent of the interview, whether it involved anything more than questions, etc. Moreover, Plaintiff cites no authority that officials investigating suspected child abuse or neglect allegations are required to include the suspected parent in the interview of the minor. Not only is the identity of the person whom allegedly conducted the interview of MC absent from the complaint, there are no facts alleged which connect that unidentified individual to the City of Carlsbad. The Court concludes that the Plaintiff has failed to plausibly allege that the interview of his minor child infringed on his protected right to make decisions about the care, custody and control of his minor child.

Second, Plaintiff complains that the Carlsbad Defendants deprived Plaintiff of his right to privacy by creating or relaying a false report of suspected child abuse to San Diego

7

CWS.[2] Neither party dispute that Messrs. Bodman and Granse are mandated reporters under California Penal Code section 11165.7(6)[3]. As such, these individual Defendants are required to report suspected child abuse whenever they have "knowledge of or observes a child whom the mandated reporter knows or reasonably suspects has been the victim of child abuse of neglect." Cal. Penal Code § 11166(a).[4] Moreover, the Child Abuse and Neglect Reporting Act ("CANRA") does not require mandated reporters to conduct an investigation of suspected child abuse to determine the veracity of the allegations before notifying the CWS about suspected child abuse. Plaintiff has not furnished the Court with any information regarding the contents of the report that Carlsbad Defendants created and forwarded to CWS, except for the conclusory allegations that it contained known falsehoods. But this conclusory allegation is insufficient to assert a constitutional or statutory violation. Without more, the Court concludes Plaintiff has failed to plausibly allege how Bodman and Granse violated his 14th Amendment right by creating and relaying a report of suspected child abuse to CWS.[5]

Third, Plaintiff complains that the County of San Diego CWS failed to take reasonable steps to screen incoming allegations, and that CWS immediately reported false allegations into the CACI. As Plaintiff acknowledges within the FAC, CWS is required by law to investigate referrals of child abuse. See *Planned Parenthood Affiliates v. Van de Kamp,* 181 Cal. App. 3d 245, 259-260 (1986). After a child protective agency receives a child abuse report it is then required to conduct an investigation. *Id.* The FAC states that

---

[2] Plaintiff cites *Griswold v. Connecticut*, 381 U.S. 479 (1965) as the basis for his constitutionally-protected right to privacy, but Griswold is easily distinguishable from the case at bar as it involved the rights of married couples to use contraceptives as an element of marital privacy

[3] Pursuant to California Penal Code section 11165.7(a)(2), individual city employees who are administrators of a public or private day camp are considered mandated reporters.

[4] Reasonable suspicion means "that it is objectively reasonable for a person to entertain a suspicion, based upon facts that could cause a reasonable person in a like position, drawing, when appropriate, on his or her training and experience, to suspect child abuse or neglect … any "reasonable suspicion" is sufficient." Cal. Penal Code § 11166(a)(1)

[5] In so finding, the Court declines to address the Carlsbad Defendants' claim of qualified immunity. Absent a plausible claim, a determination regarding the applicability of the doctrine would be premature.

Defendants Weber and Esslinger interacted with Plaintiff regarding the report of alleged child abuse, and that Defendants Abano and Gonzo "reviewed the complaint for accuracy…and signed off on the case…as unfounded." [Doc. No. 40 at ¶ 58.] Nonetheless, Plaintiff asserts that although the report against him was judged to be unfounded, it was improperly investigated by CWS. However, similar to the original complaint, Plaintiff has failed to allege that the steps taken by CWS to perform a mandatory investigation of the referral it received regarding MC, and subsequently issuing a written notice to him that the report was unfounded, violated any constitutional or statutory right.[6]

As to the entering of his name into CACI, Plaintiff asserts that his name was entered into the index before CWS conducted an investigation resulting in a deprivation "of his constitutionally-protected right to privacy and stigma-plus reputational interest." [Doc. No. 40 at 16-20.] The Court reiterates that an allegation of defamation via publication of an unfounded report on the CACI[7] without more, does not state a claim under 42 U.S.C. § 1983. This is because a person's reputation, standing alone, is not a liberty or property interest protected by due process. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) ([P]etitioners' defamatory publications, however seriously they may have harmed respondent's reputation, did not deprive him of an 'liberty' or 'property' interests protected by the Due Process Clause."). To support a §1983 claim based on injury to reputation a plaintiff must allege "that the stigma was accompanied by some additional deprivation of

---

[6] In so finding, the Court declines to address the County Defendants' claim of qualified immunity. Absent a plausible claim, a determination regarding the applicability of the doctrine would be premature

[7] The CACI was created as a result of CANRA. CAL. PENAL CODE §§ 11164 *et seq*. Under the Act, law enforcement and other child protective agencies are required to "forward child abuse reports (except unfounded reports) to the Department of Justice ("DOJ"), which then maintains an index of such reports." *Miller* 355 F.3d at 1176. *See also L.A. Cnty. v. Humphries*, 562 U.S. 29, 31 (2010) (citing §§ 11169(a), 11170(a)(3)). CANRA mandates that agencies "shall not forward a report to the California Department of Justice unless it has conducted an active investigation and determined that the report is substantiated." CAL. PENAL CODE § 11169(a). *See also Miller*, 355 F.3d at 1177. ("An agency may not forward such a report unless it has conducted an active investigation and determined that the report is not unfounded."). If a previously filed report is subsequently proved to be unfounded, the DOJ must be notified in writing of that fact and shall not retain the report. CAL. PENAL CODE § 11169(a).

liberty or property . . . protected by the state that directly affects the plaintiff's rights." *Miller*, 355 F.3d at 1178; *see also Sieger v. Gilley*, 500 U.S. 226, 234 (1991).

In the FAC, Plaintiff asserts that his security clearance renewal has been "delayed for unknown reasons" yet attributes the delay to the entry of his name in to the CACI. [Doc. No. 35 at ¶¶ 78-80.] Additionally, Plaintiff states that he is worried that his commercial pilot's license might be revoked and the possible consequences of such a revocation. [*Id.* at ¶¶ 84-86.] But, Plaintiff has not alleged that his security clearance has been denied or that his FAA pilot's license has been revoked. As such, his claim alleges only prospective harm, which is insufficient to amount to a deprivation of liberty or property. As County Defendants point out, possible future injury is not sufficient to establish an injury in fact. Accordingly, the Court concludes that Plaintiff has failed to allege that he suffered any loss of a recognizable property or liberty interest in connection with the reputational injury from having his name placed on the index sufficient to satisfy the "stigma-plus" test to state a defamation claim under § 1983.

Fourth, Plaintiff alleges that CWS has not provided a means to verify that an individual's name has not been placed in the CACI. In keeping with its earlier order, the Court continues to find this argument misplaced. California Penal Code section 11169, subsection (d), explicitly provides a hearing procedure for individuals who wish to challenge their inclusion on the CACI. As the Court previously cautioned Plaintiff, it is the Department of Justice, not the City of Carlsbad or the County of San Diego CWS, which is the entity responsible for controlling entries and removal of reports from the CACI. *See Planned Parenthood*, 181 Cal. App. 3d at 259-260 ("The Department of Justice retains the records in a statewide index . . . which is to be continually updated and 'shall not contain any reports that are determined to be unfounded. If a child protective agency subsequently determines that a report is 'unfounded', it must so inform the Department of Justice who shall remove the report from its files.") (citations omitted).

17-cv-0006-CAB (WVG)

### B. Deprivation Committed by a Person Acting under color of state law

A §1983 Plaintiff "must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676. *See also Jones v. Cmty. Redevelopment Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiffs must "allege with at least some degree of particularity over acts which defendants engaged in" in order to state a claim."); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)) (as a required element of a § 1983 claim "the inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have cause a constitutional deprivation."); *Ellis v. Foulk,* No. 2:14-cv-00802 AC P, 2015 WL 4662766, at *7 (E.D. Cal. Aug. 5, 2015) ("vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.").

If Plaintiff amends to allege constitutional or statutory violations, he is reminded that he must adequately link the individual Defendants to his claims regarding the purported violations.

### C. *Monell* Claims against the City of Carlsbad and the County of San Diego

To establish a *Monell* claim, a plaintiff must show: "(1) that he was deprived of a constitutional right, (2) the city had a policy, practice, or custom that amounted to "deliberate indifference" to the constitutional right, and (3) that the policy was the "moving force" behind the constitutional violation." *Levine v. City of Alameda*, 525 F.3d 903, 907 (9th Cir. 2008) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-691(1978) and *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996)). In order to sufficiently plead a *Monell* claim and withstand a Rule 12(b)(6) motion to dismiss, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quotation omitted).

Here, not only has Plaintiff failed to show that he was deprived of a constitutional right, *see supra* section IV A, Plaintiff has also failed to show a policy, practice of custom on either City of Carlsbad or County of San Diego's parts that amounted to a deliberate indifference to the constitutional violation.

Plaintiff alleges that the City of Carlsbad violated § 1983 because it has a policy of interviewing children without parental consent or presence, reporting false allegations of child abuse to CWS and failing to train employees in reporting child abuse allegations. [Doc. No. 40 at 15-16]. But, in order to demonstrate the existence of a policy, Plaintiff must show more than a single occurrence of unconstitutional action by a non-policymaking employee. *See McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000) ("Only if a plaintiff shows that his injury resulted from a 'permanent and well settled' practice may liability attach for injury resulting from a local government custom.") (quoting *Thompson v. City of L.A.*, 885 F.2d 1439, 1444 (9th Cir. 1989)). The FAC does not contain any facts in support of Plaintiff's contention that the City of Carlsbad has a policy of questioning children suspected of being subject to child abuse that is contrary to the law. Neither does the FAC contain any factual allegations to demonstrate a longstanding practice by the City of Carlsbad of knowingly reporting false child abuse allegations. Nor does Plaintiff allege facts that show the City of Carlsbad failed to properly train employees in reporting child abuse allegations.[8] Rather, Plaintiff alleges in a conclusory fashion that Carlsbad had a policy of failing to train its staff and managers on reporting child abuse allegations while only referencing the single alleged incident of false reporting involving Bodman and Granse.

Similarly, Plaintiff's *Monell* claim against the County of San Diego fails. Plaintiff asserts that the County has an unconstitutional "knee-jerk 'enter everything into CACI'"

---

[8] The Court declines to consider the document labeled "Exhibit B" attached to Plaintiff's FAC as facts establishing the existence/absence of a policy. The Court has no way of verifying the source or accuracy of the information contained within the exhibit, nor of determining its significance to the alleged claims at hand.

policy. [Doc. No. 40 at 16]. But, Plaintiff provides no facts or details to support this assertion. In addition, Plaintiff claims that the County failed to train its staff and managers in the investigation and reporting of child abuse allegations. [Doc. No. 40 at 21]. However, absent from Plaintiff's complaint are any supporting facts, including any similar instances which would lead to a valid *Monell* claim for failing to train employees.

## V. Conclusion

In sum, Plaintiff has failed to assert a constitutional violation of the Fourteenth Amendment. Additionally, Plaintiff fails to connect the City of Carlsbad or the County of San Diego CWS to the execution of a policy or custom necessary to establish a *Monell* claim. Thus, the Court finds that Plaintiff fails to state §1983 claims upon which relief can be granted. Accordingly, the Court **GRANTS** Defendants' motions to dismiss [Doc. Nos. 41 and 43] and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Fourteenth Amendment due process claims.

Plaintiff may file an amended complaint **no later than <u>July 25, 2017</u>**. Plaintiff must identify all claims he asserts against Defendants and clearly set forth the necessary factual allegations to support the elements of each claim.[9] Once again, the Court cautions Plaintiff that the second amended complaint must be a stand-alone document, "complete in itself without reference to the superseded [complaint]." CivLR 15.1(a). Any subsequent complaint supercedes its predecessors, the latter along with any accompanying documents filed with it are not considered by the Court. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended complaint, the

//

//

---

[9] If Plaintiff chooses to amend the FAC, he is directed to refrain from discussing previous court decisions in other cases as such "allegations essentially constitute legal argument and/or legal conclusions and have no place in a complaint. Further, they make reading and analyzing the pleading very difficult and cannot be admitted or denied by the Defendants." *Jones v. Kern High Sch. Dist.*, No. CV-F-07-1628 OWW/TAG, 2008 WL 3850802, at *2 (E.D. Cal. Aug. 14, 2008).

amended complaint supercedes the original, the latter being treated thereafter as non-existent.").

**IT IS SO ORDERED**.

Dated: July 11, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge